76666.0160

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TALISMAN CONDO COUNCIL OF CO-OWNERS, INC.<br><br>Plaintiff,<br><br>V.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA & RICK LIMER<br><br>Defendants | § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:16-CV-885 |

## DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 261ST Judicial District Court, Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I.
## INTRODUCTION

1. On June 16, 2016, Plaintiff Talisman Condo Council of Co-Owners, Inc. filed its original petition in the 261ST Judicial District Court, Travis County, Texas captioned *Talisman Condo Council of Co-Owners, Inc. v. Travelers Casualty Insurance Company of America & Ricky Limer*, Cause Number D-1-GN-16-002599 (the "State Court Action").

1

76666.0160

2. Citation for the State Court Action was issued on June 21, 2016, and was personally served on Travelers.

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff seeks monetary relief of over $200,000.00. *See* Exhibit A-1, page 1. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. Plaintiff was at the time of the filing of this action, has been at all times since, and still is a Texas corporation, with its principal place of business in Texas. *See* Exhibit A-1, page 2. For diversity purposes, a Corporation is a citizen of the state of its incorporation and where it has its primary place of business. 28 U.S.C. §1332(c)(1). Accordingly, Plaintiff is a citizen of Texas.

6. On the date of this removal and at all relevant times, Defendant Travelers Casualty Insurance Company of America is a citizen of the State of Connecticut because it is a Connecticut corporation with its principal place of business in the state of Connecticut. *See* Exhibit B.

8. Defendant Rick Limer ("Limer") was improperly joined, and therefore, his citizenship can be disregarded for purposes of diversity jurisdiction. For purposes of considering whether complete diversity jurisdiction exists, a court may disregard the citizenship of parties that have been improperly joined. *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.,* 719 F.Supp.2d 736, 738 (S.D. Tex. 2010)(citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004)).

76666.0160

9. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

10. "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005)(citing *Smallwood*, 385 F.3d at 573).

11. The allegations against Limer are nothing more than boilerplate. The majority of plaintiff's allegations were merely asserted against "Defendant" or "Defendants" without alleging what acts or causes of action were attributable to the adjuster individually as opposed to the insurance company. *See TAJ Props., LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010). In recent cases, courts have held that an adjuster, like Limer, was improperly joined where the allegations against him were "mere conclusory allegations" and failed to allege facts that "would plausibly lead to the conclusion that plaintiff suffered any

76666.0160

damage by reason of [the adjuster's] conduct." *Plascencia v. State Farm Lloyds*, 4:14-CV-00524-A, at *14 (N.D. Tex. Sept. 25, 2014.)[1]

12. In addition, there is no plausible recovery against Limer on the breach of the duty of good faith and fair dealing claim and the negligence claim alleged against him. Plaintiff's Original Petition in the State Court Action does not allege the existence of a contract between Limer and the Plaintiff, a necessary element for the breach of the duty of good faith and fair dealing claim. *See e.g. Griggs v. State Farm Lloyds,* 181 F.3d 694, 700-01 (5th Cir. 1999). Texas law does also not recognize a negligence claim against an adjuster. *See Bui v. St. Paul Mercury Ins. Co.*, 981 F. 2d 209 (5th Cir. 1993).

13. There is also no reasonable basis to predict that Plaintiff could recover for the alleged violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act ("DTPA") against Limer. A Court has recently concluded that similar claims do not support a cause of action against an adjuster and that the adjuster was accordingly improperly joined. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp.3d 721, 723-25 (N.D. Tex. 2014); *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *3-5 (N.D. Tex. Dec. 11, 2014). Further, the Plaintiff's allegations of statutory violations under §541 of the Texas Insurance Code and the DTPA fail under Rule 9(b) of the Federal Rules of Civil Procedure, which requires specificity not present in Plaintiff's Petition in this case. *See U.S. Ex. Rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F. 3d 450, 453 (5th Cir. 2005); *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp 734, 742 (S.D. Tex. 1998).

---

[1] A copy of the *Plascencia* opinion is not available on Westlaw and is therefore attached for reference as Exhibit C.

76666.0160

14. Accordingly, because the allegations against Limer are conclusory and made solely to destroy diversity jurisdiction, Limer's citizenship should be disregarded because he was improperly joined.

15. Limer's consent to this removal is not required because he was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007)("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

16. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

17. This Notice of Removal is filed within thirty (30) days after service (on June 21, 2016) by Defendants of the State Court Action. This Notice of Removal has also been filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, is timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

19. In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 261ST Judicial District Court, Travis County, Texas.

20. Defendant reserves the right to amend or supplement this Notice of Removal.

21. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

76666.0160

    (a)    an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

    (b)    a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date;

    (c)    a separately filed JS 44 Civil Cover Sheet; and

    (d)    a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: 20 July, 2016

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
    & BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com

By: _____
ROBERT F. SCHEIHING
State Bar No. 17736350

ATTORNEY FOR DEFENDANT

76666.0160

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing document has been e-filed with the Court and sent via facsimile to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 20 day of July, 2016:

Adam Q. Voyles  
McKenna Harper  
LUBEL VOYLES LLP  
5020 Montrose Blvd., Suite 800  
Houston, Texas 77006  
adam@lubelvoyles.com

                                                          ROBERT F. SCHEIHING