# EXHIBIT "A-1"

Case 1:16-cv-00885-RP   Document 1-2   Filed 07/20/16   Page 1 of 14

6/16/2016 9:57:22 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-002599
Ruben Tamez

D-1-GN-16-002599
CAUSE NO. _____

| | | |
|---|---|---|
| TALISMAN CONDO COUNCIL OF CO-OWNERS, INC.<br>Plaintiff | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | TRAVIS COUNTY, TEXAS |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA & RICKY LIMER<br>Defendants | § § § § | 261ST<br>\_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DICLOSURE AND FIRST REQUEST FOR PRODUCTION**

COMES NOW, Plaintiff, Talisman Condo Council of Co-Owners, Inc. (hereinafter sometimes referred to as "Plaintiff"), and files this Original Petition, Request for Disclosure, and First Request for Production against Defendant Travelers Casualty Insurance Company of America ("TCIC") and Ricky Limer (collectively "Defendants") and for cause of action would show the following:

## I.
## NATURE OF CASE

1. This is a breach of contract action against TCIC and a deceptive trade practices, bad faith and negligence action against Limer.

## II.
## DISCOVER CONTROL PLAN

2. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

3. Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Plaintiff, but as required by Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief of greater than $200,000.

1

## III.
## PARTIES & PROPERTY

4. Plaintiff is Talisman Condo Council of Co-Owners, Inc. ("Plaintiff"). The property at issue is located at 1501 Barton Springs Road, Austin, Texas 78704 (the "Property"). The insurance policy at issue is number 680-7271x693-15-42 (the "Policy").

5. Defendant Travelers Casualty Insurance Company of America ("TCIC") is an insurance company engaged in the business of insurance and operating in the State of Texas procuring and adjusting policies in Texas. TCIC may be served through its registered agent at the following address: Corporation Services Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

6. Defendant Ricky Limer ("Limer") is an individual and resident domiciled in the State of Texas engaging in the business of insurance adjusting polices and claims in Texas. Ricky Limer may be served at the following address: 604 Winterfield Dr. Apt. 2105, Hutto, Texas 78634-5630.

## IV.
## VENUE & JURISDICTION

7. Venue is proper in Travis County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(1), because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Specifically, the acts and omissions made the basis of this claim occurred in Travis County, Texas.

8. The Court has subject matter jurisdiction over the controversy because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

9. The Court has personal jurisdiction over Limer because he is a resident of Texas. The Court has personal jurisdiction over TCIC because it does business in Texas and the acts and omissions giving rise to the claims and causes of action asserted herein occurred in Travis

2

County, Texas.

## V.
## FACTS

10. Plaintiff operates a condominium complex located at 1501 Barton Springs Road, Austin, Texas 78704 (the "Property"). The condominium complex is home to numerous residents.

11. Plaintiff was assigned the Policy by TCIC for the Property.

12. TCIC sold Plaintiff the Policy, insuring the Property that is the subject of this lawsuit. Plaintiff suffered significant losses with respect to the Property due to a weather event, including strong winds and hail.

13. Plaintiff submitted a claim to TCIC for damage to the Property as a result of the weather event. The damage to Plaintiff's Property is extensive.

14. Defendants negligently concluded there was no or limited damage to the exterior of the Property as a result of the weather event.

15. Defendants wrongfully refused Plaintiff's claim for repairs to the Property. Defendants refused Plaintiff's claim for repairs even though the Policy provided coverage for losses such as those suffered by Plaintiff as a result of the weather event. Furthermore, TCIC has refused to provide full coverage for the damages sustained by the Plaintiff. Additionally, TCIC denied and continues to deny payment for damages to the property as a result of hail, wind and/or rain. As such, Plaintiff has not been paid in full for the damages to the Property.

16. TCIC failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, TCIC refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. TCIC's conduct constitutes a breach of the insurance contract.

3

17. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

18. TCIC failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

19. Defendants failed to adequately explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, TCIC failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.

20. TCIC and Limer failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from TCIC. Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

21. TCIC refused to fully compensate Plaintiff, under the terms of the Policy, even though TCIC and Limer failed to conduct a reasonable investigation. Specifically, TCIC and Limer performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

22. From and after the time Plaintiff's claim was presented to TCIC, the liability of TCIC to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, TCIC has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. TCIC's conduct constitutes a breach of good faith and fair dealing. Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

23. TCIC and Limer knowingly or recklessly made false representations, as described above, as material facts and/or knowingly concealed all or part of material information from

4

Plaintiff.

24.     For example, one of the acts of TCIC was to send Limer to adjust the claim and to provide cost estimates for the repairs necessary and needed for the Property. Upon information and belief, Limer regularly adjusts claims for TCIC. Limer suggested he was independent, non-biased adjuster providing an independent and unbiased assessment of the storm damage. In truth, Limer was an approved and recommended vendor of TCIC, not an independent and unbiased third-party adjuster. Limer performed virtually no substantive investigation and denied to recommend compensation for requisite code complaint repairs.

25.     As a result of the Defendants' wrongful acts and omissions, Plaintiff was forced to retain the attorneys who are representing Plaintiff in this cause of action.

26.     TCIC breached the insurance contract thus relieving Plaintiff of any corresponding obligation on the contract. TCIC's refusal to accept liability without justification was unreasonable and unjust. Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

## VI.
## CAUSES OF ACTION

**A.     BREACH OF CONTRACT (against TCIC)**

27.     Paragraphs above are incorporated by reference.

28.     TCIC's conduct constitutes a breach of the insurance contract entered into between Plaintiff and Defendant.

29.     TCIC and Plaintiff entered into an insurance contract in which TCIC agreed to pay for direct physical loss of or damage to covered property at the premises described in the declarations caused by or resulting from any covered cause of loss. Plaintiff suffered such a loss as a result of hail, wind and rain, which was a covered loss under the terms of the insurance contract. TCIC breached the contract by refusing to pay Plaintiff for the damage to the property

5

as a result of hail, wind and/or rain.

30. TCIC failed to conduct a reasonable investigation of the damage to Plaintiff's property as a result of hail, wind and/or rain. TCIC performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim.

31. TCIC failed to pay Plaintiff amongst other things for direct physical loss to the exterior and interior of the Property as a whole.

32. TCIC failed to pay Plaintiff amongst other things for direct physical loss to the roof of the Property.

33. TCIC's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do so under the terms of the policy in question constitutes a material breach of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees as a result of a direct physical loss to covered property as a result of a covered loss.

34. TCIC's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

B. **UNFAIR SETTLEMENT PRACTICES/BAD FAITH (against Limer)**

35. Paragraphs above are incorporated by reference.

36. Limer was a contractor and/or adjuster assigned by TCIC to assist with adjusting the claims. Limer was charged with investigating the claims and communicating with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et. seq.*, and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,*

6

966 S.W. 2d 482, 486 (Tex. 1998).

37.     Limer was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including discovering covered damages and fully quantifying covered damages to Plaintiff's insured Property.

38.     Limer conducted a substandard, results-oriented inspection of the Property. As such, Limer failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

39.     Further, Limer misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Limer failed to provide Plaintiff a reasonable explanation as to why TCIC was not compensating Plaintiff for the covered losses, or the true value thereof.

40.     Thus, Limer engaged in unfair settlement practices by:

   a.   Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   b.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had become reasonably clear;

   c.   Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for TCIC's denial of a claim or offer of a compromise settlement of a claim; and/or

   d.   Failing to conduct a reasonable investigation of Plaintiff's claims.

41.     Each of the aforementioned unfair settlement practices was committed knowingly by Limer and was a producing cause of Plaintiff's damages. Limer is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

C.    **UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (against Limer)**

42.     Paragraphs above are incorporated by reference.

43.     Limer's conduct of deceptively denying the damage to the property relating to the

7

weather events of hail, wind and/or rain constitute unfair and deceptive trade practices.

44. Limer is individually liable for his unfair and deceptive acts by performing an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim of denying Plaintiff's insurance claim by concluding that the damage to Plaintiff's property was not a result of wind, hail and/or rain.

45. Limer is liable for his unfair and deceptive acts because he attempted to minimize or manipulate the damage to the roof, particularly the soffit, by maneuvering and/or moving the damaged soffit and then telling the Plaintiff that there was either no damage or the damage was minimal.

46. Limer is liable for his unfair and deceptive acts because his attempt to minimize or manipulate the damage to the roof, particularly the soffit, by maneuvering and/or moving the damaged soffit caused additional damage to the soffit.

47. Limer's unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the property as a whole was not a result of wind, hail and/or rain is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

48. Limer's unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the roof was not a result of winds, hail and/or rain is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

49. Limer's unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the roof, particularly the soffit was not a result of winds, hail and/or rain is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

50. Limer's unfair settlement practices of deceptively refusing Plaintiff's claim by concluding the damage to Plaintiff's property was not a result of wind, hail and/or rain, as described above, and failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim with Plaintiff, even though Limer's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

51. Additionally, Limer's conduct violated the Deceptive Trade Practices Act by engaging in false, misleading or deceptive acts and practices by deny Plaintiff's claim on the basis that the damage to the property was either pre-existing damage and/or material failures. The storm that cause this damage were major weather events that severely damaged structures in the surrounding areas, but Limer employed an outcome oriented investigation for the sole purpose of denying Plaintiff's claim.

52. Limer's conduct was in or affecting commerce.

53. Each of the acts described above, together and singularly, constitutes a deceptive trade practice in violation.

54. Plaintiff was a "consumer" in that Plaintiff purchased the policy by and the insurance contract forms the basis of this action. Limer's conduct constitutes an unfair or deceptive trade practice in the following ways:

    a. Limer misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

    b. Limer failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability became reasonably clear;

    e. Limer failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant TCIC's denial of a claim or offer of a compromise settlement of a claim; and/or

    f. Limer failed to conduct a reasonable investigation of Plaintiff's claims.

55. Plaintiff has been damaged as a result of Limer's deceptive trade practices in an amount equal to the costs of repairs and attorneys fees. Plaintiff also seeks treble damages from Limer.

**D. NEGLIGENCE (against Limer)**

56. Paragraphs above are incorporated by reference.

57. Limer failure to properly investigation, identify and cure the storm damaged property caused additional damage to the roof and interiors of the condominiums and/or hide existing damage.

58. Limer was negligent by failing to properly test and mitigate roof damage causing additional and permanent damage which Limer has refused to repair or fix. Limer is individually liable for their negligence in facilitating additional damage and repairs that were required to be made to the property that would have not been necessary but for Limer's negligence which affected the structural integrity of the roof system.

59. Limer engaged in negligent and misleading conduct with regard to Plaintiff regarding his actions and inactions with respect to Plaintiff's buildings.

60. Plaintiff has been damaged as a result of Limer's negligence in damaging its building in the amount of the cost of repairs.

## VII.
## DAMAGES

61. Paragraphs above are incorporated by reference.

62. Plaintiff complains of Defendants and prays Defendants be cited to appear and answer and on the final trial of the merits, Plaintiff recovers from Defendants the following:

63. Plaintiff would show that all of the above mentioned acts, taken together or

singularly, constitute the proximate of damages sustained by Plaintiff.

64.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claim, together with attorney's fees.

65.     Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including, but not limited to, direct and indirect consequential damages, loss of income, mental anguish, court cost and attorney's fees.

66.     Plaintiff also seeks treble damages for Defendant's unfair method or unfair or deceptive act or practice in the business of insurance.

## VIII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

67.     Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff hereby gives notices that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## IX.
## REQUEST FOR DISCLOSURES

68.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X.
## REQUESTS FOR PRODUCTION

69.     Under the authority of Texas Rule of Civil Procedure 196, Plaintiff requests each Defendant served produce the following documents or tangible things within each Defendant's possession custody or control within fifty (50) days of the service of this Original Petition. Accordingly, each Defendant is required to produce the following:

    a.    Documents evidencing evaluations, estimates, adjustment and/or damage analysis of the Property;

    b.    Documents evidencing contracts or agreements with Plaintiff;

    c.    Documents evidencing what investigation you performed regarding storm damage to the Property and the conclusions you reached;

    d.    Documents evidencing photographs of the Property;

    e.    Documents evidencing communications by, between or among Plaintiff, TCIC and/or Limer;

    f.    Documents evidencing payments made by TCIC to Limeror his business;

    g.    Documents evidencing communications with Plaintiff, their agents and/or others regarding the Property;

    h.    Documents evidencing insurance policies, renewals, site inspections or valuations for the Property including the underwriting and claim files;

    i.    Documents evidencing premiums charged and/or collected by you from Plaintiff relating to the Property;

    j.    Documents evidencing claims made relating to the Property and/or denials of any such claims;

    k.    Documents evidencing policy applications made for the Property by Plaintiff including but not limited to your evaluations or assessments as to the condition of the Property.

    l.    Documents evidencing how the amount of the insurance policy for the Property was derived.

    m.    Documents evidencing studies, reports, investigation, analysis or records concerning weather events prepared by you or for you regarding any weather conditions that may have caused damage to the Property;

    n.    Documents evidencing payments made by you to Plaintiff or for repairs made to the Property; and

    o.    Documents evidencing any and all repairs made to the Property by you or at your direction.

## XI.
## JURY DEMAND

70.    Plaintiff demands a jury trial and has tendered the appropriate fee.

## XII.
## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer herein and that after trial Plaintiff have judgment against Defendants for actual damages, costs, pre and post judgment interest, attorneys fees, treble damages and for all other relief to which Plaintiff is entitled.

                Respectfully submitted,

                **LUBEL VOYLES LLP**

By:  /s/ Adam Q. Voyles
      Adam Q. Voyles
      Texas State Bar No.: 24003121
      McKenna Harper
      Texas State Bar No.: 24041056
      5020 Montrose Blvd., Suite 800
      Houston, Texas 77006
      Telephone No.: (713) 284-5200
      Facsimile No.: (713) 284-5250
      Email: adam@lubelvoyles.com

**ATTORNEYS FOR PLAINTIFF**