IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TALISMAN CONDO COUNCIL OF CO-OWNERS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-cv-885-RP |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA and RICK LIMER, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Talisman Condo Council of Co-Owners, Inc.'s Motion to Remand and for Award of Attorneys' Fees, filed August 19, 2016 (Dkt. 8). The Court concludes that Plaintiff's motion should be granted and that Plaintiff should be awarded the reasonable attorneys' fees and costs incurred as a result of the removal.

### I. Background

This case arises out of a dispute among a condominium complex that suffered storm damage, its insurance company, and the individual adjuster who handled the complex's claim. Plaintiff Talisman Condo Council of Co-Owners, Inc. ("Plaintiff") alleges that it suffered property losses due to strong winds and hail. (Orig. Pet., Dkt. 1-2, at ¶ 12.) Plaintiff submitted a claim to Defendant Travelers Casualty Insurance Company of America ("Travelers") that was substantially denied. (*Id.* ¶ 15.)

On June 16, 2016, Plaintiff filed its Original Petition in the 261st Judicial District of Travis County, Texas. (Dkt. 1-2.) Plaintiff named as Defendants both Travelers and Rick Limer, the adjuster who handled Plaintiff's claim ("Limer"). (*Id.*) Against Travelers, Plaintiff raises a single cause of action for breach of contract. (*Id.* ¶¶ 27–34.) Against Limer, Plaintiff raised three causes of action:

1

(1) unfair settlement practices under the Texas Insurance Code, (*id.* ¶¶ 35–41.); (2) violations of the Texas Deceptive Trade Practices Act ("DTPA"), (*id.* ¶¶ 42–55); and (3) negligence, (*id.* ¶¶ 56–60).

On July 20, 2016, Travelers filed its Notice of Removal in this Court. (Dkt. 1.) In the notice, Travelers states that federal diversity jurisdiction exists because Limer (who, like Plaintiff, is a citizen of Texas) was improperly joined and therefore "his citizenship can be disregarded for purposes of diversity jurisdiction." (*Id.* ¶ 8.) Plaintiff disagrees and, on August 19, filed its motion to remand, which is presently before the Court.

## II. Discussion

As an initial matter, the Court notes that Travelers failed to file a timely response to Plaintiff's motion to remand. Plaintiff's motion was filed on August 19. Thus, Travelers's response was due on August 26. *See* W.D. Tex. Loc. R. CV-7(e)(2) (allowing seven days to respond to a non-dispositive motion). More than three weeks have passed since this deadline expired. Accordingly, the Court may grant the motion as unopposed. *Id.* ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

The Court nonetheless reviews the merits of Plaintiff's motion and finds that it should be granted. Both Plaintiff and Defendant Limer are residents of Texas. Thus, there is a presumptive lack of complete diversity, which defeats federal jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The removing party may overcome this presumption by demonstrating that the non-diverse defendant was improperly joined. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). However, the "improper joinder doctrine constitutes a narrow exception to the rule of complete diversity," *id.*, and the burden of demonstrating improper joinder "is a heavy one." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "To establish a claim for improper joinder, the party seeking removal must demonstrate either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Abbott Labs.*, 408

F.3d at 183 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). This second prong is met if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Generally, courts "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573.

In its Notice of Removal, Defendant Travelers argues that the allegations asserted against Limer "are nothing more than boilerplate" and that most of Plaintiff's allegations were asserted against the Defendants collectively "without alleging what acts . . . were attributable to the adjuster individually as opposed to the insurance company." (Notice of Removal, Dkt. 1, at ¶ 11.) Travelers also argues that Plaintiff cannot recover on any of three causes of action asserted against Limer because under Texas law those causes of action apply only to insurance companies, not individual adjusters.[1] (*Id.* ¶¶ 12–13.) Plaintiff, on the other hand, asserts that "it is beyond dispute that Texas law recognizes causes of action against insurance adjusters, like Limer, in their individual capacities under the Texas Insurance Code and the DTPA." (Mot. Remand, Dkt. 8, at 4.)

Here, at least with regard to the Texas Insurance Code, Plaintiff is correct. Individual adjusters may be held liable for violations of the Texas Insurance Code. *See, e.g.*, *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("Even if we assume that the [plaintiffs] cannot

---

[1] Travelers also states that "there is no plausible recovery against Limer on the breach of duty of good faith and fair dealing claim and the negligence claim alleged against him" because there is no allegation of a contract between Limer and Plaintiff. (Notice of Removal, Dkt. 1, at ¶ 12.) This argument is unpersuasive because Plaintiff does not assert common law good faith and fair dealing claims, but rather relies on the Texas Insurance Code, which effectively codifies the good faith and fair dealing requirements. *See Rankin Rd., Inc. v. Underwriters at Lloyds of London*, 744 F. Supp. 2d 630, 633 (S.D. Tex. 2010) (internal citations omitted) ("*Natividad* and other similar cases Defendants cite are inapposite, however, because they hold only that an adjuster owes no duty of *good faith and fair dealing* to an insured due [to its] lack of privity with the insured. The United States Court of Appeals for the Fifth Circuit subsequently held that *Natividad* was limited to the common law claim of breach of good faith and fair dealing, and does not apply to statutory claims under the Texas Insurance Code.").

maintain their Texas common law and DTPA claims against [the defendant], Texas law clearly authorizes [insurance code] actions against insurance adjusters in their individual capacities."); *Denley Grp., LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *3 (N.D. Tex. Sept. 30, 2015) ("Both the Texas Supreme Court and the Fifth Circuit have recognized that an insurance adjuster may be held individually liable for violating chapter 541 of the Insurance Code.").

The only remaining question, then, is whether Plaintiff has alleged sufficient facts to demonstrate the possibility of recovery against Limer for unfair settlement practices under the Texas Insurance Code. Unfair settlement practices include, but are not limited to, "refusing to pay a claim without conducting a reasonable investigation of the claim," Tex. Ins. Code § 541.060(a)(7); "failing within a reasonable time to . . . affirm or deny coverage of a claim," *id.* § 541.060(a)(4); and "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy . . . for the insurer's denial of a claim," *id.* § 541.060(a)(3). Plaintiff has alleged that "Limer performed virtually no substantive investigation" and that, as a result, "Limer failed to discover covered damages and/or fully quantify covered damages," ultimately leading to "a biased, unfair and inequitable evaluation of Plaintiff's losses." (Orig. Pet., Dkt. 1–2, at ¶¶ 24, 39, 21.) Moreover, Plaintiff alleges that "Limer failed to affirm or deny coverage of Plaintiff's claim within a reasonable time" and that "Limer failed to provide Plaintiff a reasonable explanation as to why [Travlers] was not compensating Plaintiff." (*Id.* ¶¶ 20, 39.) Having reviewed these and Plaintiff's other allegations, the Court is persuaded that Plaintiff has pled a viable claim against Limer under the unfair settlement practices provisions of the Texas Insurance Code.

Travelers has not demonstrated that there is no reasonable basis for the Court to believe Plaintiff could recover against Limer and, therefore, has not satisfied its burden of proving improper joinder. The Court therefore lacks subject matter jurisdiction and has no choice but to remand this action back to the state court from which it came.

### III. Attorneys' Fees

Plaintiff contends that it should be awarded the reasonable attorneys' fees and costs incurred in obtaining a remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "There is no automatic entitlement to an award of attorney's fees"; rather, "such an award [is] discretionary." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293.

The Court believes that Defendant Travelers lacked objectively reasonable grounds to remove this action. It is well settled that insurance adjusters can be held individually liable under the unfair settlement practices provisions of the Texas Insurance Code. Whatever the merits of Travelers's arguments as to Plaintiff's DTPA and negligence claims, Travelers ought to have recognized that Plaintiff has at least the possibility of recovering under the insurance code. To the extent that Travelers did have a reasonable basis to believe removal was proper, it lost its chance to articulate that basis when it elected not to respond to Plaintiff's motion to remand. Thus, the Court believes an award of attorneys' fees is proper.

### IV. Conclusion

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Thus, Plaintiff Talisman Condo Council of Co-Owners, Inc.'s Motion to Remand and for Award of Attorneys' Fees (Dkt. 8) is hereby **GRANTED**. This action is hereby remanded to the 261st Judicial District of Travis County, Texas from which it came.

Plaintiff's request for attorneys' fees and costs is **GRANTED.** The parties are directed to confer and reach an agreement as to the amount of fees reasonably incurred by Plaintiff in obtaining this remand. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should

5

not result in a second major litigation."). If parties are unable to reach an agreement, Plaintiff should file a motion for an award of attorneys' fees with supporting documentation **within ten days of the date of this order.**

**SIGNED** on September 21, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE